IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Criminal No. 3:01-1024-CMC |
|---|---|
| v. | **OPINION AND ORDER** |
| Antonio Capers, Defendant. | |

This case comes before the court on Defendant's *pro se* Motions to Appoint Counsel and to Reduce Sentence Under First Step Act of 2018. ECF Nos. 447, 448. The United States Probation Office filed a Sentence Reduction Report ("SRR") indicating Defendant does not qualify for relief under the Act. ECF No. 449.

The court has reviewed the above filings as well as the Second Superseding Indictment (ECF No. 81), Plea Agreement (ECF No. 87), and PreSentence Report ("PSR") (ECF No. 449-1), and concludes that Defendant is not eligible for relief under the First Step Act. Defendant pled guilty to one count of armed bank robbery and two counts of brandishing a firearm during and in relation to a crime of violence. ECF Nos. 87, 449-1. He did not plead guilty to any counts involving controlled substances or cocaine base.

In 2010, Congress passed the Fair Sentencing Act in part to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of cocaine base required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B). *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis added). The First Step Act of 2018 applied these provisions only retroactively. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were

in effect at the time the offense was committed." *Id.* No other portions of the First Step Act were deemed retroactive to inmates on collateral review, and thus cannot apply to Defendant's case.

There is a portion of the First Step Act that reduces the severity of "stacking" sentences for § 924(c) charges. Under Section 403 of the First Step Act, a defendant must have a prior § 924(c) conviction in order to receive the higher penalty for a subsequent § 924(c) penalty – the two § 924(c) convictions in one Indictment, such as Defendant's, would not lead to imposition of the higher penalty for second or subsequent convictions. However, this section does not apply retroactively and therefore is of no help to Defendant.

The court will deny Defendant's motions. The record reflects Defendant agreed to plead guilty and did plead guilty to armed bank robbery and two counts of brandishing a firearm during an in relation to a crime of violence. There is no indication he was convicted of a cocaine base offense, the only type of offense affected by the retroactive portion of the First Step Act. Because Defendant was not convicted of a cocaine base offense, he is not eligible for relief. Section 403 of the First Step Act, dealing with second or subsequent § 924(c) convictions, is not retroactive. For reasons set forth above, Defendant's Motion for Relief Under First Step Act (ECF No. 448) is denied. Defendant's motion for appointment of counsel (ECF No. 447) is also denied, as counsel would not be able to assist Defendant in this matter.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 12, 2019